# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1808V

| | |
|---|---|
| KENDRA GRAVES,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2026 |

*Verne E. Paradie, Jr., Paradie, Rabasco & Seasonwein, Lewiston, ME,* for Petitioner.

*Eleanor Hanson, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 16, 2023, Kendra Graves filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on October 19, 2020. ECF No. 1. On September 23, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,489.91 (representing $23,068.48 in fees plus $1,421.43 in costs). Application for Attorney's Fees and Costs ("Motion") filed October 21, 2025. ECF No. 45. Furthermore, counsel for Petitioner represents that Petitioner has not personally incurred any costs in the program proceedings. *Id.* at 4.

Respondent reacted to the motion on October 22, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 46. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner's counsel, Mr. Verne Paradie, requests that I apply the following hourly rates: $452.50 for 2021; $467.00 for 2022; $492.00 for 2023; $519.00 for 2024; and $558.50 for 2025. But these rates exceed what has been previously awarded to Mr. Paradie for work performed in the 2021-24 timeframe. *See Duguay* v. *Sec'y of Health & Human Servs.,* No. 18-0340V, Slip Op. 78 (Fed. Cl. Spc. Mstr. July 27, 2023) (awarding Mr. Paradie $345.00 for 2021, and $375.00 for 2022). Likewise, Mr. Paradie was awarded the hourly rate of $390.00 for 2023, and $415.00 for 2024. See *Martell* v. *Sec'y of Health & Human Servs.,* No. 21-2335V, Slip Op. 42 (Fed. Cl. Spc. Mstr. January 28, 2025).

I find no reason to deviate from such reasoned determinations, and hereby adopt the rates established in the aforementioned decisions. **Application of the foregoing reduces the attorney's fees to be awarded by $2,295.70**.[3] Mr. Paradie is admonished that it is not the practice of OSM to adjust prior rate determinations upward in later cases. Counsel must ensure to submit billing records reflecting the hourly rates previously awarded to him for his work in the Program.

The requested 2025 rate is excessive. I also note that Mr. Paradie has been previously found to be ineligible to receive forum rates. *See Orloski* v. *Sec'y of Health & Human Servs.,* No. 17-936V, 2021 WL 5410173, (Fed. Cl. Spc. Mstr. Oct. 22, 2021). Accordingly, based on my experience applying the relevant factors[4] to determine reasonable hourly rates for Program attorneys, I find a rate of $455.00 per hour for work performed in 2025 to be appropriate, representing a more reasonable increase of $40.00 from the previous year. **Application of the foregoing results in an additional reduction of $1,982.03**.[5]

---

[3] This amount consists of reducing Mr. Paradie's 2021-24 rates and is calculated as follows: ($452.50 - $345.00 = 107.50 x 1.00 hour billed in 2021 = $107.50) + ($467.00 - $375.00 = $92.00 x 11.60 hrs. billed in 2022 = $1,067.20) + ($492.00 - $390.00 = 102.00 x 6.30 hrs. billed in 2023 = $642.60) + ($519.00 - $415.00 = $104.00 x 4.60 hrs. billed in 2024 = $478.40) = $2,295.70 in fees to be reduced.

[4] See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of reducing Mr. Paradie's 2025 rate and is calculated as follows:
$558.50 - $455.00 = $103.50 x 19.15 hrs. billed in 2025 = $1,982.03 in fees to be reduced.

3

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 45-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $20,212.18 (representing $18,790.75 in fees plus $1,421.43 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.