# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1808V

|  |  |
|---|---|
| KENDRA GRAVES, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 15, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Verne E. Paradie, Jr., Paradie, Rabasco & Seasonwein, Lewiston, ME, for Petitioner.*

*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 16, 2023, Kendra Graves filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 19, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 6, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 15, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $156,576.10, comprised of $150,000.00 for pain and suffering, $753.90 for past unreimbursable expenses, and $5,822.20 for past lost wages, plus $27,023.48 to satisfy a State of Maine Medicaid lien. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $156,576.10, comprised of $150,000.00 for pain and suffering, $753.90 for past unreimbursable expenses, and $5,822.20 for past lost wages**, **to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

- **A lump sum of $27,023.48, as compensation to satisfy a State of Maine Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel' IOLTA account for prompt disbursement to: Maine Department of Health and Human Services, Office of MaineCare Services – Third Party Liability, 11 State House Station, Augusta, ME 04333.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

KENDRA GRAVES,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 23-1808V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 16, 2023, Kendra Graves ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a influenza ("flu") vaccine she received on October 19, 2020.  Petition at 1.  On December 23, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on January 6, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 25; ECF No. 27.  Respondent filed a proffer on September 22, 2025, and the Court awarded petitioner a lump sum of $156,576.10, comprised of $150,000.00 for pain and suffering, $753.90 for past unreimbursable expenses, and $5,822.20 for past lost wages on September 23, 2025.  ECF Nos. 40, 41.

On January 23, 2026, petitioner filed an unopposed Motion for Relief from Judgment due to the discovery of a Medicaid lien.  ECF No. 49.  The Court granted the Motion on May 11, 2026, withdrew the decision, and struck the prior proffer.  ECF No. 53.

## I.      Items of Compensation

### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $150,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $753.90.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

### C.      Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $5,822.20.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

### D.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Maine Medicaid lien in the amount of **$27,023.48**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Maine may have against any individual as a result of any Medicaid payments the State of Maine has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as

a result of her vaccine-related injury suffered on or about October 19, 2020, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

A.  A lump sum payment of **$156,576.10**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kendra Graves.

B.  A lump sum payment of **$27,023.48**, representing compensation for satisfaction of the State of Maine Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Maine Department of Health and Human Services
> Office of MaineCare Services – Third Party Liability
> 11 State House Station
> Augusta, ME 04333

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

3

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division


*/s/ Eleanor A. Hanson*
ELEANOR A. HANSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 305-1110
Eleanor.Hanson@usdoj.gov


DATED:  May 14, 2026

## CERTIFICATE OF SERVICE


I certify that today, May 14, 2026, a copy of the foregoing pleading was served

by electronic mail to Verne Paradie at vparadie@lawyers-maine.com.


s/ Eleanor Hanson


4